UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
CASE NO: 1:17-cv-21790

GLEN MENDOZA,

       Plaintiff,

v.

CITY OF HIALEAH, YANDER

MORGADO, ESTEBAN HOLLAND,

VICTOR CABRERA, SERGIO

VELAZQUEZ

       Defendants.

_____/

www.crimlegal.com
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400

# Table of Contents

JURISDICTION AND VENUE ................................................................................................................ 3

PARTIES ............................................................................................................................................. 3

GENERAL ALLEGATIONS .................................................................................................................... 4

FEDERAL CLAIMS ............................................................................................................................... 5

    42 U.S.C. §1983 – Violations of the Fourth Amendment Excessive Use of Force ..................... 5

    42 U.S.C. §1983 – Violation of Fourth Amendment Failure to Supervise and Discipline .......... 6

# COMPLAINT

Plaintiff, GLEN MENDOZA, sues Defendants, jointly and severally, and alleges:

## JURISDICTION AND VENUE

1. This action is brought under 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §1331 and 28 U.S.C. §§1343 (a)(3) and (4), as this action seeks redress for the violation of Plaintiff's Constitutional and Civil Rights.

2. Pendent and supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a) for this Court to decide claims that may arise under state law.

3. Venue is properly brought in the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because it is the district in which all of the events or omissions establishing the Plaintiff's claims occurred.

4. Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. §§2201-2202 and Federal Rule of Civil Procedure 57.

5. This Court has authority to award costs and attorneys' fees under 42 U.S.C. §1988 and 28 U.S.C. §1920 with respect to Plaintiff's Constitutional claims.

6. Plaintiff has filed Notices of Claim with the Defendant, CITY OF HIALEAH, pursuant to Section 768.28, Fla. Stat. *A Copy of said Notice is attached hereto and marked as Exhibit "A."*

## PARTIES

7. Plaintiff, GLEN MENDOZA (hereinafter "MR. MENDOZA"), is a Hispanic Male who, at all times material hereto, was a resident of Miami, Florida.

8. Defendant, CITY OF HIALEAH (hereinafter "CITY"), is a municipality duly

incorporated and existing under the laws of the State of Florida. The City established and maintains the City of Hialeah Police Department (hereinafter "HPD"), as a constituent department or agency. The City is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the City and for ensuring that its officers, employees, servants, and agents obey the laws of the State of Florida and the United States.

9. Defendant, SERGIO VELAZQUEZ (Badge No. 004-918) (hereinafter "CHIEF VELAZQUEZ"), was, at all times material hereto, the Chief of Police and a final policymaker for the City with supervisory authority over all officers and operations of HPD, including responsibility for training, recruiting, and managing all HPD officers. He is sued in his individual capacity.

10. Defendant, YANDER MORGADO (Badge No. 004-1972) (hereinafter "OFFICER MORGADO"), was, at all times material hereto, employed as a police officer with the City of Miami Police Department.

11. Defendant, ESTEBAN HOLLAND (Badge No. 004-1930) (hereinafter "OFFICER HOLLAND"), was, at all times material hereto, employed as a police officer with the City of Miami Police Department.

12. Defendant, VICTOR CABRERA (Badge No. 004-1421) (hereinafter "SGT. CABRERA"), was, at all times material hereto, employed as a police officer with the City of Miami Police Department.

## **GENERAL ALLEGATIONS**

13. This is a civil rights action in which Plaintiff seeks relief from the Defendants for violations of his rights, privileges, and immunities as guaranteed by the Civil Rights Act of 1871, 42 U.S.C §1983, the Fourth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the laws of the State

of Florida.

14. All constitutional abuses have occurred under the color of authority by HPD officers.

## FEDERAL CLAIMS
## COUNT ONE

### 42 U.S.C. §1983 – Violations of the Fourth and Fourteenth Amendment Excessive Use of Force

15. Plaintiff re-alleges Paragraphs 1 through 14 as if fully set forth herein.

16. The conduct and actions of Defendant OFFICER HOLLAND acting under color of law, in authorizing, directing, and/or causing lacerations to the eye and head area of MR. MENDOZA was done when MR. MENDOZA was just verbally expressing his feelings towards the police encounter with OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA in a non-violent manner. MR. MENDOZA was then grabbed by the arm and forcefully thrown down to the ground as well as punched a second time when he tried to get up from the ground, causing severe head trauma and permanent injuries as well as medical bills in excess of $20,000. These actions were taken by OFFICER HOLLAND, and ratified by OFFICER MORGADO and SGT CABRERA, both of whom were present and failed to prevent, intervene, or even subsequently report the excessive use of force.

17. The force used by Officer Holland upon MR. MENDOZA, was excessive and unreasonable, and was done intentionally, willfully, maliciously, with a deliberate indifference, and/or with a reckless disregard for the natural and probable consequences of his acts, which was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

18. As a direct and proximate result of the foregoing, Plaintiff has suffered physical, mental, and emotional pain and humiliation, was deprived of his liberty, and was otherwise

damaged and injured.

## COUNT TWO
### 42 U.S.C. §1983 – Violation of Fourth Amendment
### Failure to Supervise and Discipline

19. Plaintiff re-alleges Paragraphs 1 through 18 as if fully set forth herein.

20. On May 22, 2016, OFFICER HOLLAND violated MR. MENDOZA's Fourth Amendment rights.

21. These violations of MR. MENDOZA's Fourth Amendment rights were accomplished and/or furthered by supervisors who directed, ordered, or acquiesced to Officer HOLLAND's excessive use of force, including but not limited to SGT. CABRERA, who was present during the violations.

22. MR. MENDOZA's Fourth Amendment rights were violated, due to the fact that OFFICER HOLLAND'S supervisors failed to supervise OFFICER HOLLAND and discipline him for failing to follow the CITY'S departmental policies concerning the use of force.

23. The CITY'S failure to supervise and discipline its officers, including OFFICER HOLLAND, amounted to deliberate indifference to the Fourth Amendment rights of MR. MENDOZA, and resulted in ratification of the unconstitutional conduct, specifically, the CITY ratified OFFICER HOLLAND'S conduct.

24. As a direct and proximate result of the CITY'S failure to supervise and discipline OFFICER HOLLAND, Plaintiff MR. MENDOZA suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation, including medical bills currently in excessive of $20,000.

**WHEREFORE**, Plaintiffs request judgment against Defendant, the CITY, and request that the Court finds and awards as follows:

1) Award Plaintiff compensatory damages in amounts that are fair, just and reasonable to be determined at trial and;

2) Award Plaintiff punitive damages;

3) Award all Plaintiff's attorneys' fees and costs of suit pursuant to 28 U.S.C. §1920 and 42 U.S.C. §1988; and

4) Award and such other relief as this Court deems just, proper, and equitable, including further injunctive and declaratory relief as may be required in the interests of justice.

Respectfully Submitted on this 13th day of May, 2017, by:

**STEPHAN LOPEZ LAW FIRM, LLC.,**

*Counsel for Plaintiff*
4000 Hollywood Blvd., Suite 555-S
Hollywood, FL 333021
Phone: (954) 843-3509
Fax: (754) 551-5400
E-Mail: stephanlaw@outlook.com
By:*/S/ Stephan Lopez*
Florida Bar No. 76959

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed, on this 13th day of May 2017, with the Clerk of the Court using CM/ECF and e-served upon the following: **Lorena Bravo,** *City Attorney*, at lbravo@hialeahfl.gov.

By*: /s/ Stephan Lopez*

EXHIBIT A

February 23, 2017

**VIA CERTIFIED US MAIL and VIA ELECTRONIC EMAIL**

City of Hialeah
c/o Mayor Carlos Hernandez
501 Palm Ave
Hialeah FL 33010

On Notice To:

Jeff Atwater CFO
FL Dept of Financial Services
200 E. Gaines St.
Tallahassee, FL 32399

Lorena Bravo
City Attorney
501 Palm Ave, 4th Floor
Hialeah, FL 33010

Sergio Velasquez
Chief of Police
City of Hialeah Police Department
5555 E 8th Ave
Hialeah, FL 33010

> **RE: Amended Notice of Claim: Glen Mendoza, DOB 06/30/1993, SSN xxx xx-7173, born in Caracas, Venezuela**
> **Dates of Incidents: May 22, 2016**

Dear Sir/Madam:

Pursuant to *Florida Statute* § 768.28(6)(a), we are providing you with amended written notice of the above-mentioned client's intention to pursue claims against the City of Hialeah for tortious conduct engaged in by the City of Hialeah Police Department (HPD).

On May 22, 2016 HPD Officer Y. Morgado (4-1972) came into contact with and then arrested Mr. Mendoza for Resisting an Officer with Violence. Mr. Mendoza was the passenger in a car that was in a crash with an HPD vehicle. Upon being told to get out of the car, Mr. Mendoza gets out of the car as instructed. The driver was immediately taken to a patrol car and detained for LSA. Ofc. Morgado was instructing Mr. Mendoza to get out of the car and Mr. Mendoza did not want to get out at first because he wasn't certain why he was being told to get out. Mr. Mendoza went to check the car, after being told that this was about the driver hitting a police car upon leaving a hotel. Mr. Mendoza then awoke in the hospital with a broken jaw which required a metal plate being surgically implanted to repair. Witnesses, including

the other occupants of the car, advised Mr. Mendoza that he never struck the officer or violently resisted him in any way prior to being beaten by this officer.

The City of Hialeah Police Department transported Mr. Mendoza to the hospital for treatment to his head injury.

The officer's charge of resisting with violence was filed but then nolle prossed by the State Attorney's Office.

To date, a lawsuit has not been filed in this case. However, **GLEN MENDOZA v. CITY OF HIALEAH POLICE DEPARTMENT.**, is the anticipated style of the case. It is anticipated that this action will be brought in the U.S. District Court for the Southern District of Florida, and that the action will be a claim for excessive use of force as well as false arrest. Mr. Mendoza will seek to recover compensatory damages against the City, and compensatory and punitive damages against the officer(s) to be named as defendant(s) in the action.

Mr. Mendoza does owe adjudicated unpaid claims currently.

We are proceeding under *Florida Statute* § 768.28(6)(d), and, if we do not receive a final disposition of this claim within six (6) months after receipt of this notice, we will consider it a denial of the claim for the purposes of bringing an action in federal court.

Should you have any interest in negotiating to effect an amicable resolution of this matter, kindly contact the undersigned at your convenience.

Very truly yours,

*Stephan Lopez*

STEPHAN LOPEZ, ESQ.