UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Miami Division

CASE NO: 1:17-cv-21790-RNS

GLEN MENDOZA,

       Plaintiff,

v.

CITY OF HIALEAH, YANDER

MORGADO, ESTEBAN HOLLAND,

VICTOR CABRERA, and SERGIO

VELAZQUEZ,

       Defendants.

_____/

# Table of Contents

JURISDICTION AND VENUE..................................................................................................3

PARTIES ...................................................................................................................................3

FACTUAL ALLEGATIONS .....................................................................................................4

GENERAL ALLEGATIONS .....................................................................................................5

FEDERAL CLAIMS

    42 U.S.C. §1983 – Violations of the Fourth Amendment Excessive Use of Force ......................6

    42 U.S.C. §1983 – Violation of Fourth Amendment Failure to Train, Supervise, and Discipline...............8

 STATE CLAIMS

    Individual State Claim for Civil Battery ………………………………………………………………9

    Individual State Law Claim for False Arrest……………………………………………………………10

    State Tort Claim: Negligent Training ……………………………………………………………………10

# **THIRD AMENDED COMPLAINT**

Plaintiff, GLEN MENDOZA, sues Defendants, jointly and severally, and alleges:

## **JURISDICTION AND VENUE**

1. This action is brought under 42 U.S.C. §1983. Jurisdiction is founded upon 28 U.S.C. §1331 and 28 U.S.C. §§1343 (a)(3) and (4), as this action seeks redress for the violation of Plaintiff's Constitutional and Civil Rights.

2. Pendent and supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a) for this Court to decide claims that may arise under state law.

3. Venue is properly brought in the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because it is the district in which all the events or omissions establishing the Plaintiff's claims occurred.

4. This Court has authority to award costs and attorneys' fees under 42 U.S.C. §1988 and 28 U.S.C. §1920 with respect to Plaintiff's Constitutional claims.

5. Plaintiff has filed Notices of Claim with the Defendant, CITY OF HIALEAH, pursuant to Section 768.28, Fla. Stat. *A Copy of said Notice is attached hereto and marked as Exhibit "A."*

## **PARTIES**

6. Plaintiff, GLEN MENDOZA (hereinafter "MR. MENDOZA"), is a Hispanic Male who, at all times material hereto, was a resident of Miami, Florida.

7. Defendant, CITY OF HIALEAH (hereinafter "CITY"), is a municipality duly incorporated and existing under the laws of the State of Florida. The City established and maintains the City of Hialeah Police Department (hereinafter "HPD"), as a constituent department or agency. The City is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the City and for ensuring that its officers, employees, servants, and agents obey the laws of the State of

Florida and the United States.

8. Defendant, YANDER MORGADO (Badge No. 004-1972) (hereinafter "OFFICER MORGADO"), was, at all times material hereto, employed as a police officer with the City of Hialeah Police Department.

9. Defendant, ESTEBAN HOLLAND (Badge No. 004-1930) (hereinafter "OFFICER HOLLAND"), was, at all times material hereto, employed as a police officer with the City of Hialeah Police Department.

10. Defendant, VICTOR CABRERA (Badge No. 004-1421) (hereinafter "SGT. CABRERA"), was, at all times material hereto, employed as a police officer with the City of Hialeah Police Department.

## FACTUAL ALLEGATIONS

11. On May 22, 2016, MR. MENDOZA was the passenger in a car that was allegedly involved in a traffic crash with a police vehicle belonging to the CITY, from which the driver of the vehicle fled the scene in the vehicle.

12. Upon being stopped by CITY officers, including OFFICER MORGADO, the driver of the vehicle that MR. MENDOZA was in was removed, handcuffed, and detained in another vehicle owned by the CITY.

13. Upon being told the exit the vehicle he was in, MR. MENDOZA did so, after first stating he didn't want to and requesting to know why he was being given orders by OFFICER MORGADO, OFFICER HOLLAND, and other CITY officers.

14. MR. MENDOZA did get out of the vehicle and then began to check for any damage to the vehicle once he was told that this was about a traffic crash the driver allegedly fled from after hitting the CITY's marked police vehicle in a hotel parking lot.

15. MR. MENDOZA then awoke in the hospital with a broken jaw which required the surgical

implanting of a metal plate to repair, a head wound, and damage to his brain.

16. Witnesses from that day advised MR. MENDOZA that he never struck or violently resisted any officer while looking at the vehicle.

17. Witnesses advised that MR. MENDOZA did verbally argue with the officers on scene and then 2-3 CITY officers began to fight with him, repeatedly striking him in and about the face and head area causing MR. MENDOZA to fall to the ground where he again struck his head.

18. At least one officer who was alleged to have struck MR. MENDOZA was OFFICER HOLLAND, who witnesses advised he was one of the officers who threw MR MENDOZA to the ground and who also punched him at least twice.

19. Witnesses advised that there were 1-2 supervising officers on scene, including SGT. CABRERA, yet they did nothing to stop the physical violence being used against MR. MENDOZA that caused him to lose consciousness and suffer permanent bodily injury.

20. MR. MENDOZA was also arrested subsequent to his hospital stay and taken to jail.

21. The State Attorney's Office *nolle prossed* the charges against MR. MENDOZA.

## **GENERAL ALLEGATIONS**

22. This is a civil rights action in which Plaintiff seeks relief from the Defendants for violations of his rights, privileges, and immunities as guaranteed by the Civil Rights Act of 1871, 42 U.S.C §1983, the Fourth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the laws of the State of Florida.

23. All constitutional abuses have occurred under the color of authority by HPD officers, but which exceeded the scope of OFFICER MORGADO, OFFICER HOLLAND, and SGT. CABRERA's authority by their actions.

24. The CITY has acted, and continues to act, with deliberate indifference to the constitutional rights of those who come into contact with HPD officers by: (a) failing to properly screen,

train, and supervise HPD officers; (b) inadequately monitoring HPD officers during and after stop-and-frisks, searches, seizures, and arrests; (c) failing to sufficiently discipline HPD officers who engaged in constitutional abuses, and (d) encouraging, sanctioning, and failing to rectify HPD's unconstitutional practices as they relate to use of force encounters.

25. The constitutional abuses are a result of policies that, while constitutional on their face, are implemented in such a way that violate constitutionally protected rights. Additionally, all constitutional abuses have occurred under the color of authority by HPD officers.

26. The CITY's failure to train its officers, including OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA on the appropriate use of reasonable force, amounted to a deliberate indifference to the Fourth Amendment rights of Plaintiff MENDOZA.

27. The City's failure to train its officers, including OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA was a conscious choice and that failure to train led to the Plaintiff's injuries.

28. It follows that if a police department fails to train its officers on the appropriate use of force, its officers will use excessive force and injury persons they encounter.

29. A pattern of other constitutional violations by other untrained employees similar to the violation alleged by this Plaintiff have occurred in the past, thus placing the City on actual notice of the need to train, supervise HPD officers in appropriate use of force.

30. Yet despite being placed on notice the City did not provide any additional training or take any special precautions to prevent officers from engaging in the excessive use of force which led to the Plaintiff's serious and permanent injuries.

**FEDERAL CLAIMS**
**COUNT ONE**

**42 U.S.C. §1983 – Violations of the Fourth and Fourteenth Amendment**
**Excessive Use of Force**

31. Plaintiff re-alleges Paragraphs 1 through 21 as if fully set forth herein.

32. The conduct and actions of Defendant OFFICERS HOLLAND, OFFICER MORGADO and SGT. CABRERA and other CITY officers acting under color of law, in authorizing, directing, and/or causing lacerations to the eye and head area of MR. MENDOZA was done when MR. MENDOZA was just verbally expressing his feelings towards the police encounter with OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA in a non-violent manner. MR. MENDOZA was then struck, and grabbed by the arm and forcefully thrown down to the ground as well as punched a second time when he tried to get up from the ground, causing severe head trauma and permanent injuries as well as medical bills in excess of $20,000. These actions were taken by OFFICER HOLLAND OFFICER MORGADO and SGT CABRERA and contemporaneously ratified by SGT CABRERA, both of whom were present and failed to prevent, intervene, or even subsequently report the excessive use of force and both of whom participated in the Use of Force.

33. The force used by OFFICERS HOLLAND, MORGADO and SGT. CABRERA upon MR. MENDOZA, was excessive and unreasonable, and was done intentionally, willfully, maliciously, with a deliberate indifference, and/or with a reckless disregard for the natural and probable consequences of his acts, which was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

34. As a direct and proximate result of the foregoing, Plaintiff has suffered physical, mental, and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

**WHEREFORE**, Mr. MENDOZA respectfully requests compensatory damages against OFFICER HOLLAND; OFFICER MORGADO, SGT. CABRERA; as well as costs of this action and a trial by jury

on all issues triable as a matter of right.

## COUNT TWO
### 42 U.S.C. §1983 – Violation of Fourth Amendment Failure to Train

35. Plaintiff re-alleges Paragraphs 1 through 30 as if fully set forth herein.

36. On May 22, 2016, OFFICERS HOLLAND, MORGADO and SGT. CABRERA violated MR. MENDOZA's Fourth Amendment rights.

37. These violations of MR. MENDOZA's Fourth Amendment rights were accomplished and/or furthered by supervisor SGT. CABRERA who directed, ordered, participated or acquiesced to Officers HOLLAND and MORGADO excessive use of force, including but not limited to SGT. CABRERA, who was present during the violations and also failed to stop OFFICERS HOLLAND and MORGADO from using excessive force on MENDOZA.

38. MR. MENDOZA's Fourth Amendment rights were violated, due to the fact that OFFICERS HOLLAND, MORGADO and SGT. CABRERA had not been properly trained by the CITY.

39. The CITY'S failure to train officers, OFFICERS HOLLAND, MORGADO and SGT. CABRERA on the proper use of force amounted to deliberate indifference to the Fourth Amendment rights of MR. MENDOZA.

40. As a direct and proximate result of the CITY'S failure to train OFFICERS HOLLAND, MORGADO and SGT. CABRERA, Plaintiff MR. MENDOZA suffered, and will continue to suffer, physical, mental, and emotional pain and suffering, mental anguish, embarrassment, and humiliation, including medical bills currently in excessive of $20,000.

**WHEREFORE**, Mr. MENDOZA respectfully requests compensatory damages against the CITY, as well as costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT THREE
### Individual State Law Claim of Mr. Mendoza for Civil Battery against OFFICER HOLLAND, OFFICER MORGADO and SGT. CABRERA

41. Plaintiff, Mr. MENDOZA, realleges paragraphs 1-21, as if fully set forth herein.

42. This is a cause of action, under the common law of the State of Florida, for civil battery. Such claim arises from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

43. The conduct of OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA, on May 22, 2016, in illegally detaining, searching, and arresting Mr. MENDOZA, and employing excessive force to do so, was intentional and intended to cause a harmful or offensive contact with the person of MR. MENDOZA which SGT. CABRERA directed, ordered, participated or acquiesced to.

44. The conduct of OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA and other HPD officers was committed within the course and scope of their employment with HPD.

45. Defendant, the CITY, is responsible for the battery committed by OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA, and others upon the person of Mr. MENDOZA, in that the civil battery was intentional and was committed within the course and scope of these officers' employment with HPD, such that the doctrine of respondeat superior applies to this action.

46. As a direct and proximate result of the battery alleged above, Mr. MENDOZA suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. MENDOZA will suffer such losses in the future.

**WHEREFORE**, Mr. MENDOZA respectfully requests compensatory damages against Defendants, OFFICER MORGADO, OFFICER HOLLAND, SGT. CABRERA; costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT FOUR

### Individual State Law Claim of MR. MENDOZA for False Arrest against OFFICER HOLLAND, OFFICER MORGADO and SGT. CABRERA

47. Plaintiff, MR. MENDOZA, realleges paragraphs 1 through 21, as if fully set forth herein.

48. This is an action, under the common law of the State of Florida, for false arrest. Such claim arises from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

49. Mr. MENDOZA was unlawfully detained and deprived of his liberty against his will when OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA, and others arrested him without legal authority.

50. The conduct of OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA, and others constituted a false arrest of Mr. MENDOZA, as the arrest was made without probable cause or even arguable probable cause.

51. The CITY is responsible for the false arrest of Mr. MENDOZA in that the false arrest was intentional and was committed within the course and scope of these officers' employment with HPD, such that the doctrine of respondeat superior applies to this action.

52. As a direct and proximate result of the false arrests alleged above, Mr. MENDOZA suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. MENDOZA will suffer such losses in the future.

**WHEREFORE**, Mr. MENDOZA respectfully requests compensatory damages against Defendants, OFFICER MORGADO, OFFICER HOLLAND, and SGT. CABRERA; costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT FIVE
### State Tort Claim-Negligent Training by the CITY

53. Plaintiff, MR. MENDOZA, realleges paragraphs 1-30, as if fully set forth herein.

54. At all times material, OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA were under the supervision and control of Defendant CITY.

55. At all times material, the CITY, either directly or through its agents, negligently trained OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA, when the Defendant knew or should have known that a failure to appropriately train officers in the use of force could lead to serious bodily injury, including a traumatic brain injury and a broken jaw.

56. Despite this knowledge, the Defendant failed to exercise reasonable care in training OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA on the proper use of force, specifically how to handle bystanders to a crime without resorting to violence, much less excessive uses of force.

57. As a direct and proximate cause of the acts described above, Plaintiff, Mr. MENDOZA, has not only suffered the injuries described herein, but resulting pain and suffering, physical inconvenience and discomfort, loss of time, mental anguish, expenses incurred due to the medical treatment, loss of enjoyment of life. The Plaintiff's losses are permanent and continuing and he will suffer losses in the future.

**WHEREFORE**, Mr. MENDOZA respectfully requests compensatory damages against the CITY; costs of this action and a trial by jury on all issues triable as a matter of right.

**WHEREFORE**, Plaintiff requests judgment against Defendants, the CITY, and request that the Court finds and awards as follows:

1) Award Plaintiff compensatory damages in amounts that are fair, just, and reasonable to be determined at trial and;

2) Award Plaintiff punitive damages against the individual defendants only;

3) Award all Plaintiff's attorneys' fees and costs of suit pursuant to 28 U.S.C. §1920 and 42 U.S.C. §1988; and

4)    Award and such other relief as this Court deems just and proper.

Respectfully Submitted on this 7th day of August 2017, by:

**STEPHAN LOPEZ LAW FIRM, LLC.,**

*Counsel for Plaintiff*
4000 Hollywood Blvd., Suite 555-S
Hollywood, FL 333021
Phone: (954) 843-3509
Fax: (754) 551-5400
E-Mail: stephanlaw@outlook.com
By:*/S/ Stephan Lopez*
Florida Bar No. 76959

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed, on this 7th day of August 2017, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By: */s/ Stephan Lopez*

## SERVICE LIST

Alfredo J. Marquez-Sterling
Assistant City Attorney
Florida Bar No.: 444596
Primary Email: AMSterling@hialeahfl.gov
City of Hialeah – Law Department
50 l Palm Avenue, 4th Floor
Hialeah, FL 33010-4719
Telephone: 305-883-5853
Facsimile: 305-883-5896
Counsel for Defendant, City of Hialeah

Devang Desai, Esq.,
Partner/Shareholder,
Gaebe, Mullen, Antonelli & DiMatteo
Florida Bar No.: 664421
Email: ddesai@gaebemullen.com
420 S Dixie Hwy FL 33146-2227
Coral Gables, FL 33146-2227
Office: 305-667-0223
Fax: 305-284-9844
Counsel for the Officer Defendants

Raul Recoba, Esq.
Co-Counsel for Plaintiff Raul C. Recoba, P.A
1850 SW 8th Street, Suite 307 Miami, FL 33135
Direct (786) 441-8908
Tel: (786) 554-1613
Fax: (786) 523-0610
Email: recobanicolas@gmail.com



**STEPHAN LOPEZ**
LAW FIRM, LLC

**STEPHAN LOPEZ LAW FIRM, LLC**
10691 N. KENDALL DRIVE
SUITE 212
MIAMI, FLORIDA 33176

OFFICE: 305.792.8221
FAX 305.275.5559
EMAIL: STEPHANLAW@OUTLOOK.COM

EXHIBIT A

January 17, 2017

<u>VIA CERTIFIED US MAIL and VIA US MAIL</u>

City of Hialeah
c/o Mayor Carlos Hernandez
501 Palm Ave
Hialeah FL 33010

<u>On Notice To:</u>

Jeff Atwater CFO
FL Dept of Financial Services
200 E. Gaines St.
Tallahassee, FL 32399

Lorena Bravo
City Attorney
501 Palm Ave, 4th Floor
Hialeah, FL 33010

Sergio Velasquez
Chief of Police
City of Hialeah Police Department
5555 E 8th Ave
Hialeah, FL 33010

RE:  Notice of Claim: Glen Mendoza, DOB 06/30/1993, SSN xxx xx-7173
     Dates of Incidents: May 22, 2016

Dear Sir/Madam:

Pursuant to *Florida Statute* § 768.28(6)(a), we are providing you with written notice of the above-mentioned client's intention to pursue claims against the City of Hialeah for tortious conduct engaged in by the City of Hialeah Police Department (HPD).

On May 22, 2016 HPD Officer Y. Morgado (4-1972) came into contact with and then arrested Mr. Mendoza for Resisting an Officer with Violence. Mr. Mendoza was the passenger in a car that was in a crash with an HPD vehicle. Upon being told to get out of the car, Mr. Mendoza got out of the car as instructed. The driver was immediately taken to a patrol car and detained for leaving the scene of an accident, "LSA." Ofc. Morgado instructed Mr. Mendoza to get out of the car. Officer Y. Morgado without provocation or justification and with the help of unnamed officers savagely beat Mr. Mendoza about the face and head area. Mr. Mendoza lost consciousness and later awoke in the hospital with a broken jaw which required a metal plate being surgically implanted to repair. Witnesses, including the other occupants of the car, advised Mr. Mendoza that he never struck the officer or violently resisted him in any way prior to being beaten by this officer.

The City of Hialeah Police Department transported Mr. Mendoza to the hospital for treatment to his head injury.

The officer's charge of resisting with violence was dismissed by the State Attorney's Office, after being confronted with evidence of the savage beating that Mr. Mendoza took at the hands of City of Hialeah Police Officers.

To date, a lawsuit has not been filed in this case. However, *GLEN MENDOZA v. CITY OF HIALEAH, Et al.,* is the anticipated style of the case. It is anticipated that this action will be brought in the U.S. District Court for the Southern District of Florida, and that the action will be a claim for excessive use of force along with state court claims such as battery and false arrest. Mr. Mendoza will seek to recover compensatory damages against the City, and compensatory and punitive damages against the officer(s) to be named as defendant(s) in the action.

Mr. Mendoza does owe adjudicated unpaid claims currently in excess of $20,000.

We are proceeding under *Florida Statute* § 768.28(6)(d), and, if we do not receive a final disposition of this claim within six (6) months after receipt of this notice, we will consider it a denial of the claim for the purposes of bringing an action in federal court.

Should you have any interest in negotiating to effect an amicable resolution of this matter, kindly contact the undersigned at your convenience.

Very truly yours,

Stephan Lopez, Esq.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Eddie_ ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>                                              1-19-17 |
| 1. Article Addressed to:<br><br>City of Hialeah<br>c/o Mayor Carlos Hernandez<br>501 Palm Ave<br>Hialeah FL 33010 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:        ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9401 0066 5168 0767 18 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Signature Confirmation<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>7014 2870 0000 2722 9745 | ☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | |

PS Form 3811, April 2015 PSN 7530-02-000-9053                                Domestic Return Receipt

EXHIBIT A

February 23, 2017

**VIA CERTIFIED US MAIL and VIA ELECTRONIC EMAIL**

City of Hialeah
c/o Mayor Carlos Hernandez
501 Palm Ave
Hialeah FL 33010

On Notice To:

Jeff Atwater CFO
FL Dept of Financial Services
200 E. Gaines St.
Tallahassee, FL 32399

Lorena Bravo
City Attorney
501 Palm Ave, 4th Floor
Hialeah, FL 33010

Sergio Velasquez
Chief of Police
City of Hialeah Police Department
5555 E 8th Ave
Hialeah, FL 33010

   **RE: Amended Notice of Claim: Glen Mendoza, DOB 06/30/1993, SSN xxx xx-7173, born in Caracas, Venezuela**
   **Dates of Incidents: May 22, 2016**

Dear Sir/Madam:

Pursuant to *Florida Statute* § 768.28(6)(a), we are providing you with amended written notice of the above-mentioned client's intention to pursue claims against the City of Hialeah for tortious conduct engaged in by the City of Hialeah Police Department (HPD).

On May 22, 2016 HPD Officer Y. Morgado (4-1972) came into contact with and then arrested Mr. Mendoza for Resisting an Officer with Violence. Mr. Mendoza was the passenger in a car that was in a crash with an HPD vehicle. Upon being told to get out of the car, Mr. Mendoza gets out of the car as instructed. The driver was immediately taken to a patrol car and detained for LSA. Ofc. Morgado was instructing Mr. Mendoza to get out of the car and Mr. Mendoza did not want to get out at first because he wasn't certain why he was being told to get out. Mr. Mendoza went to check the car, after being told that this was about the driver hitting a police car upon leaving a hotel. Mr. Mendoza then awoke in the hospital with a broken jaw which required a metal plate being surgically implanted to repair. Witnesses, including

the other occupants of the car, advised Mr. Mendoza that he never struck the officer or violently resisted him in any way prior to being beaten by this officer.

The City of Hialeah Police Department transported Mr. Mendoza to the hospital for treatment to his head injury.

The officer's charge of resisting with violence was filed but then nolle prossed by the State Attorney's Office.

To date, a lawsuit has not been filed in this case. However, **GLEN MENDOZA v. CITY OF HIALEAH POLICE DEPARTMENT.**, is the anticipated style of the case. It is anticipated that this action will be brought in the U.S. District Court for the Southern District of Florida, and that the action will be a claim for excessive use of force as well as false arrest. Mr. Mendoza will seek to recover compensatory damages against the City, and compensatory and punitive damages against the officer(s) to be named as defendant(s) in the action.

Mr. Mendoza does owe adjudicated unpaid claims currently.

We are proceeding under *Florida Statute* § 768.28(6)(d), and, if we do not receive a final disposition of this claim within six (6) months after receipt of this notice, we will consider it a denial of the claim for the purposes of bringing an action in federal court.

Should you have any interest in negotiating to effect an amicable resolution of this matter, kindly contact the undersigned at your convenience.

    Very truly yours,

    *Stephan Lopez*

    STEPHAN LOPEZ, ESQ.