United States District Court
for the
Southern District of Florida

| Glen Mendoza, Plaintiff | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Civil Action No. 17-21790-Civ-Scola |
| | ) | |
| City of Hialeah, and others, | ) | |
| Defendants. | ) | |

### Omnibus Order on Defendants' Motions to Dismiss

Plaintiff Glen Mendoza brings this action against the City of Hialeah (the "City"), Officer Yander Morgado, Officer Esteban Holland, and Sergeant Victor Cabrera for violations of Mendoza's civil rights and the commission of various torts. All of the Defendants have moved to dismiss the Third Amended Complaint (ECF Nos. 31, 33). For the reasons set forth below, the Court **grants** the City's motion to dismiss (**ECF No. 33**) and **grants in part and denies in part** Defendants Morgado, Holland, and Cabrera's motion to dismiss (**ECF No. 31**).

1.  **Background**

The Third Amended Complaint (the "Complaint") alleges that on May 22, 2016, Plaintiff Glen Mendoza was a passenger in a car that was alleged to have been involved in a crash with a police vehicle. (Third Am. Compl. ¶¶ 11, 14, ECF No. 29.) The driver of the car fled the scene of the crash. (*Id.*) Defendant Morgado and other police officers subsequently stopped the car and arrested the driver. (*Id.* ¶ 12.) The officers also ordered Mendoza to get out of the vehicle. (*Id.* ¶ 13.) Mendoza initially stated that he did not want to exit the vehicle and asked why he was being ordered to do so, although he did eventually comply with the officers' order. (*Id.*)

Mendoza was informed that the car had been stopped because it hit a police vehicle, and he began to check the car for damage. (*Id.* ¶ 14.) The Complaint alleges that Mendoza "then awoke in the hospital with a broken jaw which required the implanting of a metal plate to repair, a head wound, and damage to his brain." (*Id.* ¶ 15.) Witnesses allegedly told Mendoza that he verbally argued with the officers and that two or three of the offices repeatedly struck him in the head, causing Mendoza to fall and hit his head on the ground. (*Id.* ¶ 17.) However, the witnesses stated that Mendoza had not violently resisted any of the officers. (*Id.* ¶ 16.) The witnesses stated that Defendant Holland was involved in the violence against Mendoza, and that one

or two supervising officers, including Defendant Cabrera, were present but did not intervene to stop the violence. (*Id.* ¶¶ 18-19.) Mendoza was arrested after his stay in the hospital, but the "State Attorney's Office *nolle prossed* the charges." (*Id.* ¶¶ 20-21.)

With respect to the individual Defendants, the Complaint asserts a violation of Mendoza's right to be free from the use of excessive force under 42 U.S.C. § 1983, as well as claims of battery and false arrest. With respect to the City, the Complaint asserts a violation of Mendoza's Fourth Amendment rights under 42 U.S.C. § 1983, as well as a state law claim of negligent training.

**2.     Legal Standard**

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.,* 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

**3.     Analysis**

Collectively, the Defendants have moved to dismiss each count of the Complaint. The Court will first address the claims against the individual Defendants, and will then address the claims against the City.

## A. 42 U.S.C. § 1983 Claim Against the Individual Defendants

Count One of the Complaint asserts a 42 U.S.C. § 1983 claim against the individual Defendants for the violation of Mendoza's right to be free from the use of excessive force under the Fourth and Fourteenth Amendments. Any person who deprives another "of any rights, privileges, or immunities secured by the Constitution and laws," while acting under color of state law, is liable to the person whose rights were violated. 42 U.S.C. § 1983. This law "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985).

The individual Defendants first argue that Count One is properly analyzed under the Fourth Amendment, not the Fourteenth Amendment. (Mot. to Dismiss at 4, ECF No. 31.) The Plaintiff agrees that the claim should be analyzed under the Fourth Amendment, and states that the Fourteenth Amendment "was only cited for purposes of emphasizing that the obligations and protections of the Fourth Amendment are afforded to the states through this Amendment." (*Id.*) Thus, the Court will only analyze Count One under the standards of the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (holding that all claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure should be analyzed under the Fourth Amendment rather than the Fourteenth Amendment).

The individual Defendants also argue that they are entitled to qualified immunity. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kingsland v. City of Miami*, 382 F.3d 1220, 1231 (11th Cir. 2004) (quotation marks omitted). The Supreme Court has "'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Pace v. Capobianco*, 283 F.3d 1275, 1284 (11th Cir. 2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). To claim qualified immunity, a public official must first establish that he was engaged in a "discretionary duty." *Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). Here, there does not appear to be any dispute that the individual Defendants were engaged in a discretionary duty.

Once it is established that a public official was acting in a discretionary capacity, the burden shifts to the plaintiff to establish "both that the defendant committed a constitutional violation and that the law governing the circumstances was already clearly established at the time of the violation." *Youmans v. Gagnon*, 626 F.3d 557, 526 (11th Cir. 2010). At the motion to

dismiss stage, "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (internal quotations and citations omitted). District courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, the Court need not address whether Mendoza has established that the Defendants committed a constitutional violation, because Mendoza has failed to carry his burden of establishing that the law governing the circumstances was clearly established at the time of the violation. *See Youmans*, 626 F.3d at 526. In the context of excessive force claims, the Eleventh Circuit has "noted that generally no bright line exists for identifying when force is excessive; we have therefore concluded that unless a controlling and materially similar case declares the official's conduct unconstitutional, a defendant is usually entitled to qualified immunity." *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 926 (11th Cir. 2000). Thus, "qualified immunity applies unless application of the standard would inevitably lead every reasonable officer in the position of the defendant officer to conclude the force was unlawful." *Nolin v. Isbell*, 207 F.3d 1253, 1255 (11th Cir. 2000) (internal quotation marks and alterations omitted) (citing *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993), *modified* 14 F.3d 583 (11th Cir. 1994)). A "narrow exception" exists where "the official's conduct 'was so far beyond the hazy border between excessive and acceptable force that the official had to know he was violating the Constitution even without caselaw on point.'" *Priester*, 208 F.3d at 926 (quoting *Smith v. Mattox,* 127 F.3d 1416, 1419 (11th Cir. 1997)) (alterations omitted).

"The Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Lee v. Ferraro,* 284 F.3d 1188, 1197 (11th Cir. 2002) (citing *Graham*, 490 U.S. at 394-95). However, the right to make an arrest or investigatory stop "'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" *Id.* (quoting *Graham*, 490 U.S. at 396) (additional citations omitted). In the Eleventh Circuit, it is well-established that "application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin*, 207 F.3d at 1257. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Graham,* 490 U.S. at 396-97; *Rodriguez v. Farrell,* 280 F.3d 1341,

1351 (11th Cir. 2002) (observing that "the typical arrest involves some force and injury").

The individual Defendants argue that the force used against Mendoza was *de minimis*. (Mot. to Dismiss at 5.) In response, the Plaintiff argues that officers are not entitled to qualified immunity if they use excessive force after a suspect has been subdued. (Pl.'s Resp. at 3-4, ECF No. 34.) In support of this proposition, the Plaintiff relies on cases in which force was used on individuals who were already handcuffed and were not resisting. *See, e.g., Saunders v. Duke*, 766 F.3d 1262, 1265, 1267-68 (11th Cir. 2014) (citations omitted) (reversing dismissal of plaintiff's Fourth Amendment claim because the complaint alleged that officers slammed his head into the ground with extreme force even though the plaintiff was handcuffed and was not resisting or attempting to flee); *Slicker v. Jackson*, 215 F.3d 1225, 1232-33 (11th Cir. 2000) (holding that testimony that plaintiff did not struggle or resist officers after being arrested and handcuffed, but nevertheless officers repeatedly hit his head on the pavement, kicked him, and knocked him unconscious, was "sufficient to raise a question of fact as to whether the officers' actions constituted excessive and not de minimis force."). Mendoza's reliance on these cases is misplaced because the Complaint does not allege that he was handcuffed or otherwise subdued when the officers began using force against him. Moreover, the Complaint acknowledges that Mendoza initially stated that he did not want to comply with the officers' order to exit the vehicle, and alleges that Mendoza engaged in a verbal argument with the officers after he exited the vehicle.

The Eleventh Circuit applies a different analysis to cases in which force is used against unhandcuffed individuals than it does to cases in which force is used against individuals who are handcuffed. *Gomez v. U.S.*, 601 Fed. Appx. 841, 851 (11th Cir. 2015) (holding that because force was applied before the plaintiff was handcuffed, the "allegations are thus most closely analogous to the line of cases in which this Court has held that the amount of force used on unhandcuffed individuals was de minimis and did not rise to excessive force that could violate the Fourth Amendment.") Therefore, Mendoza has not met his burden of establishing that the law governing the circumstances was clearly established because he has not provided the Court with any case law involving unhandcuffed individuals in a "controlling and materially similar case." *See Priester*, 208 F.3d at 926.

In addition, there is simply not enough information in the Complaint for the Court to conclude that the force used was so excessive that the officers had to know that they were violating the Constitution even without case law on point. *Priester*, 208 F.3d at 926 (quoting *Smith*, 127 F.3d at 1419). Although

the Complaint alleges that the force used against Mendoza resulted in serious injuries, it is unclear from the allegations in the Complaint what prompted Mendoza to argue with the officers, whether the officers suspected him of any crime, and what, if anything, prompted the officers to use force against him. Thus, even reading the facts in the light most favorable to Mendoza, the Court cannot say that this case falls within the narrow exception where controlling and materially similar case law is not required.

Finally, the Plaintiff argues that even de minimis force violates the Fourth Amendment if the officer is not entitled to arrest the suspect. (Pl.'s Resp. at 4-5, ECF No. 34.) However, this argument fails because neither the factual allegations set forth in Count One nor the factual allegations incorporated into Count One allege that the arrest was unlawful.

### B. Battery Claim Against the Individual Defendants

Count Three of the Complaint asserts a common law claim of battery against the individual Defendants. The individual Defendants have moved to dismiss Count Three on the ground that the allegations in Count Three "lump the three instant Defendants together" and do not contain specific factual allegations against each of the Defendants. (Mot. to Dismiss at 7, ECF No. 31.)

Count Three generally alleges that Defendants Holland, Morgado, and Cabrera employed excessive force that was "intentional and intended to cause a harmful or offensive contact with the person of Mr. Mendoza to which Sgt. Cabrera directed, ordered, participated or acquiesced to." (Compl. ¶ 43.) However, this conclusory allegation is not supported by the specific factual allegations in the Complaint. Mendoza has only specifically alleged that Defendant Holland threw him to the ground and punched him. (*Id.* ¶ 18.) The Complaint alleges that Defendant Morgado gave Mendoza the orders to get out of the vehicle, and that Defendant Cabrera was present but "did nothing to stop the physical violence being used against Mr. Mendoza . . . ." (*Id.* ¶¶ 13, 19.) "A cause of action for battery requires the showing of intentional affirmative conduct and cannot be premised upon an omission or failure to act." *City of Miami v. Sanders*, 672 So.2d 46, 47 (Fla. 3d Dist. Ct. App. 1996) (citing *Sullivan v. Atlantic Fed. SAv. & Loan Ass'n*, 454 So.2d 52 (Fla. 4th Dist. Ct. App. 1984)); *see also Johnson v. State Dep't of Health and Rehabilitative Servs.*, 695 So.2d 927, 929 (Fla. 2d. Dist. Ct. App. 1997) (affirming dismissal of assault and battery claim with respect to a defendant not actually alleged to have assaulted the plaintiff). Since the Complaint only specifically alleges intentional affirmative conduct by Defendant Holland, Count Three is dismissed as to Defendants Morgado and Cabrera.

### C. False Arrest Claim Against the Individual Defendants

Count Four asserts a common law claim of false arrest against the individual Defendants, alleging that they unlawfully detained Mendoza and arrested him without probable cause. (Compl. ¶¶ 49-50.) In order to state a claim for false arrest under Florida law, a plaintiff must allege: (1) an unlawful detention and deprivation of liberty against a person's will; (2) that the detention was unreasonable and not warranted by the circumstances; and (3) that the detention was intentional. *Amato v. Cardelle*, 56 F.Supp.3d 1332, 1334 (S.D. Fla. 2014) (Gayles, J.) (citing *Tracton v. City of Miami Beach*, 616 So.2d 457 (Fla. 3d Dist. Ct. App. 1992)).

The specific factual allegations are insufficient to support an inference that the Plaintiff's detention and arrest were unwarranted by the circumstances. The only information included in the Complaint about Mendoza's arrest are that the arrest occurred subsequent to his hospital stay, and the "State Attorney's Office *nolle prossed* the charges against Mr. Mendoza." (Compl. ¶¶ 20-21.) The Complaint includes no information about the stated grounds for Mendoza's arrest or why Mendoza believes that it was unlawful. Rather, the Complaint alleges that Mendoza was a passenger in a car that hit a police vehicle, that he initially told officers that he did not want to get out of the car when they ordered him to do so, and that after exiting the car he engaged in a verbal argument with the officers. These facts are simply insufficient for the Court to infer that the arrest was unlawful. *See Rivers v. Dillards Dep't Store, Inc.*, 698 So.2d 1328, 1331 (Fla. 1st Dist. Ct. App. 1997) ("A plaintiff must show that the detention was unreasonable and unwarranted under the circumstances"); *Springman v. City of Venice*, 439 Fed. Appx. 861, 865 (11th Cir. 2011) (holding that dismissal of a § 1983 false arrest claim was warranted where the plaintiff "alleges no facts except the arrest and eventual dismissal of the charges.").

### D. 42 U.S.C. § 1983 Claim Against the City

Count Two asserts a § 1983 claim against the City for failure to train its officers "on the proper use of force." (Compl. ¶ 39.) Municipalities and other local government entities are subject to liability under § 1983 and may be sued directly for relief where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). A municipality or other local government entity "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 691 (emphasis in original). Only

if the alleged constitutional violations resulted from a custom, policy, or practice of a local government entity may that entity be held liable. *Id.* at 694; *Wideman v. Shallowford Cmty. Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987); *see also Farred v. Hicks*, 915 F.2d 1530, 1532–33 (11th Cir. 1990) ("Governmental entities may be held liable under section 1983 when a governmental 'policy or custom' is the 'moving force' behind the constitutional deprivation.") (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

A policy or custom "is established by showing a persistent and widespread practice and an entity's actual or constructive knowledge of such customs, though the custom need not receive formal approval." *German v. Broward Cty. Sheriff's Office*, 315 F. App'x 773, 776 (11th Cir. 2009) (citing *Depew v. City of St, Mary's, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986)). The practice or custom must be "so pervasive, as to be the functional equivalent of a policy adopted by the final policymaker." *Church v. City of Huntsville*, 30 F.3d 1332, 1343 (11th Cir. 1994). For example, if a municipality's rules and regulations for the operation of its police department are repeatedly violated and the municipality has knowledge of the conduct but fails to rectify the situation, it may be liable. *Depew*, 787 F.2d at 1499 ("The continued failure of the [municipality] to prevent known constitutional violations by its police force is precisely the type of informal policy or custom that is actionable under section 1983."). However, "[n]ormally random acts or isolated incidents are insufficient to establish a custom or policy." *Id.*

The inadequacy of police training may serve as the basis for local government liability under § 1983 only "where the failure to train in a relevant respect amounts to deliberate indifference to the constitutional rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 379 (1989). To establish "deliberate indifference," "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold v. City Of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).

The Complaint includes several general conclusions in support of Mendoza's failure-to-train claim. For example, Mendoza alleges that the City failed to train its officers, that this failure "amounted to a deliberate indifference to the Fourth Amendment rights of Plaintiff Mendoza," and that "[a] pattern of other constitutional violations by other untrained employees similar to the violation alleged by this Plaintiff have occurred in the past, thus placing the City on actual notice of the need to train, supervise HPD officers in appropriate use of force." (Compl. ¶¶ 24-30.) However, the Complaint contains no specific factual allegations to support these general conclusions. Dismissal

of a § 1983 failure-to-train claim is warranted where a plaintiff fails to include "allegations of specific facts setting forth: (1) the nature of any inadequate policies or procedures; (2) the factual basis – other than that this incident occurred – for concluding that the City's training is contrary to law; (3) the identity of any prior incidents which would have placed the City on notice of any policy or training deficiencies; and/or (4) the factual basis underlying assertions that the City employed incompetent officers." *Willis v. City of Coral Springs*, No. 16-60959, 2016 WL 3747611, at *4-5 (S.D. Fla. July 13, 2016) (Bloom, J.) (citations omitted); *see also Larosa v. City of Sweetwater*, No. 13-21585, 2014 WL 235449, at *2 (S.D. Fla. Jan. 22, 2014) (Scola, J.) (dismissing § 1983 failure-to-train claim because the plaintiff did not offer any specific factual allegations other than the circumstances of his own arrest to support general allegations that the defendant failed to properly train its police officers). Accordingly, Count Two is dismissed.

### E. Negligent Training Claim Against the City

Count Five asserts a state law negligent training claim against the City, alleging that "the City, either directly or through its agents, negligently trained Officer Holland, Officer Morgado, and Sgt. Cabrera, when the Defendant knew or should have known that a failure to appropriately train its officers in the use of force could lead to serious bodily injury, including a traumatic brain injury and a broken jaw." (Compl. ¶ 55.) The State of Florida and its municipalities are generally immune from tort liability. *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001) (citing Fla. Const., Art. X, § 13). Although Florida has waived immunity "under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant," Fla. Stat. § 768.28(1), this waiver does not apply if the challenged acts were discretionary. *Kaisner v. Kolb*, 543 So.2d 732, 736 (Fla. 1989) (citations omitted); *Whitaker v. Miami-Dade Cty.*, 126 F.Supp.3d 1313, 1330 (S.D. Fla. 2015) (Lenard, J.) ("Florida's sovereign-immunity waiver does not apply when the challenged acts are 'discretionary' rather than 'operational.'") (citations omitted).

Once again, the Plaintiff has failed to include any specific factual allegations to support his conclusory allegations that the City failed to appropriately train its officers. Therefore, the Plaintiff has failed to state a claim for negligent training. *See, e.g., Gelbard v. City of Miami, Fla.*, 845 F.Supp.2d 1338, 1341 (S.D. Fla. 2012) (Martinez, J.) (dismissing negligent training claim against municipality because the complaint failed to "allege any specific training or subject matter that Defendant failed to provide to its police force."). Moreover, the Eleventh Circuit has held that "[a] city's decision regarding how

to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning," and claims challenging such decisions are barred. *Lewis*, 260 F.3d at 1266 (leaving open the possibility, however, that a plaintiff could challenge the implementation or operation of a police training program); *see also Gelbard*, 845 F.Supp.2d at 1341 (holding that claim that city negligently failed to train its police officers involved a discretionary function and, therefore, the city was immune from liability); *Whitaker*, 126 F.Supp.3d at 1331 (same). Therefore, to the extent that Mendoza is attempting to challenge the City's decisions regarding what subject matter to include in the training of its police officers, the City is immune from such a claim.

**4. Conclusion**

Accordingly, the Court **grants** the City's motion to dismiss (**ECF No. 33**); and **grants in part and denies in part** Defendants Morgado, Holland, and Cabrera's motion to dismiss (**ECF No. 31**). Counts One, Two, Four, and Five are **dismissed without prejudice** in their entirety. Count Three is **dismissed without prejudice** as to Defendants Morgado and Cabrera, but may proceed against Defendant Holland. If the Plaintiff has a good faith basis for correcting the deficiencies described above, he may file an amended complaint on or before **October 30, 2017**.

**Done and ordered**, at Miami, Florida, on October 18, 2017.

Robert N. Scola, Jr.
United States District Judge