**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Miami Division**

**CASE NO: 1:17-cv-21790-RNS**

GLEN MENDOZA,

       Plaintiff,

v.

CITY OF HIALEAH, YANDER

MORGADO, ESTEBAN HOLLAND,

VICTOR CABRERA, and SERGIO

VELAZQUEZ,

       Defendants.

_____/

# **Table of Contents**

JURISDICTION AND VENUE..............................................................................................................3

PARTIES ..........................................................................................................................................3

FACTUAL ALLEGATIONS .................................................................................................................4

GENERAL ALLEGATIONS .................................................................................................................6

FEDERAL CLAIMS

   42 U.S.C. §1983 – Violations of the Fourth Amendment Excessive Use of Force .....................7

 STATE CLAIMS

   Individual State Claim for Civil Battery ...................................................................................8

   Individual State Law Claim for False Arrest.............................................................................9

**www.crimlegal.com**
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400

# FOURTH AMENDED COMPLAINT

Plaintiff, GLEN MENDOZA, sues Defendants, jointly and severally, and alleges:

## JURISDICTION AND VENUE

1.      This action is brought under 42 U.S.C. §1983.  Jurisdiction is founded upon 28 U.S.C. §1331 and 28 U.S.C. §§1343 (a)(3) and (4), as this action seeks redress for the violation of Plaintiff's Constitutional and Civil Rights.

2.      Pendent and supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a) for this Court to decide claims that may arise under state law.

3.      Venue is properly brought in the Southern District of Florida under 28 U.S.C. §1391(b) and (c) because it is the district in which all the events or omissions establishing the Plaintiff's claims occurred.

4.      This Court has authority to award costs and attorneys' fees under 42 U.S.C. §1988 and 28 U.S.C. §1920 with respect to Plaintiff's Constitutional claims.

5.      Plaintiff has filed Notices of Claim with the Defendant, CITY OF HIALEAH, pursuant to Section 768.28, Fla. Stat. *A Copy of said Notice is attached hereto and marked as Exhibit "A."*

## PARTIES

6.      Plaintiff, GLEN MENDOZA (hereinafter "MR. MENDOZA"), is a Hispanic Male who, at all times material hereto, was a resident of Miami, Florida.

7.      Defendant, CITY OF HIALEAH (hereinafter "CITY"), is a municipality duly incorporated and existing under the laws of the State of Florida. The City established and maintains the City of Hialeah Police Department (hereinafter "HPD"), as a constituent department or agency. The City is responsible, through its officers, employees, servants, and agents, for enforcing the regulations of the City and for ensuring that its officers, employees, servants, and agents obey the laws of the State of

**www.crimlegal.com**
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400

Florida and the United States.

**8.**      Defendant, SERGIO VELAZQUEZ (Badge No. 004-918) (hereinafter "CHIEF VELAZQUEZ"), was, at all times material hereto, the Chief of Police and a final policymaker for the City with supervisory authority over all officers and operations of HPD, including responsibility for training, recruiting, and managing all HPD officers. He is sued in his individual capacity.

**9.**      Defendant, YANDER MORGADO (Badge No. 004-1972) (hereinafter "OFFICER MORGADO"), was, at all times material hereto, employed as a police officer with the City of Hialeah Police Department.

**10.**     Defendant, ESTEBAN HOLLAND (Badge No. 004-1930) (hereinafter "OFFICER HOLLAND"), was, at all times material hereto, employed as a police officer with the City of Hialeah Police Department.

**11.**     Defendant, VICTOR CABRERA (Badge No. 004-1421) (hereinafter "SGT. CABRERA"), was, at all times material hereto, employed as a police officer with the City of Hialeah Police Department.

## FACTUAL ALLEGATIONS

**12.**     On May 22, 2016, MR. MENDOZA was the passenger in a car that was allegedly involved in a traffic crash with a police vehicle belonging to the CITY, from which the driver of the vehicle fled the scene in the vehicle.

**13.**     Upon being stopped by CITY officers, including OFFICER MORGADO, the driver of the vehicle that MR. MENDOZA was in was removed, handcuffed, and detained in another vehicle owned by the CITY.

**14.**     Upon being told the exit the vehicle he was in, MR. MENDOZA did so, after first stating he didn't want to and requesting to know why he was being given orders by OFFICER MORGADO, OFFICER HOLLAND, and other CITY officers.

**www.crimlegal.com**
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400

**15.**     MR. MENDOZA did get out of the vehicle and then began to check for any damage to the vehicle once he was told that this was about a traffic crash the driver allegedly fled from after hitting the CITY's marked police vehicle in a hotel parking lot.

**16.**     Mr. MENDOZA advised he wasn't aware of any crash taking place and that he never witnessed nor heard the crash and that he was not the driver and again questioned why he was being ordered around by the officers.

**17.**     MR. MENDOZA, remembers being struck once but lost consciousness and then awoke in the hospital with a broken jaw which required the surgical implanting of a metal plate to repair, a head wound, and with damage to his brain.

**18.**     Witnesses from that day advised MR. MENDOZA that he never struck or violently resisted any officer while looking at the vehicle.

**19.**     MR. MENDOZA knows that he did not in any way violently resist any officer, prior to losing consciousness, and witnesses confirmed that he was the only person being struck, repeatedly and without regard to the fact that he was not putting up any resistance and at some point, was struck while unconscious.

**20.**     Witnesses advised that MR. MENDOZA did verbally argue with the officers on scene prior to the 2 or 3 CITY officers striking Mr. MENDOZA repeatedly in and about the face and head area causing MR. MENDOZA to fall to the ground where he again struck his head, either losing consciousness or already unconscious.

**21.**     At least one officer who was alleged to have struck MR. MENDOZA was OFFICER HOLLAND, who witnesses advised was one of the officers who threw MR MENDOZA to the ground and who also punched him at least twice.

**22.**     Post arrest, OFFICER HOLLAND gave sworn testimony that he struck MR. MENDOZA but claims he was using only the force reasonably necessary to thwart MR. MENDOZA'S violent resistance.

**23.**     The witnesses observed at least two officers striking MR. MENDOZA in the face and head area but believe that OFFICER HOLLAND was the one who delivered the most violent blows causing the

www.crimlegal.com
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400

injuries sustained by Mr. Mendoza.

**24.**     The witnesses also said that MR. MENDOZA was not moving at all after the first 1-2 violent punches, at least one thrown by OFFICER HOLLAND, and appeared to be falling without any attempt to stop himself, possibly because he was already unconscious before he fell.

**25.**     At least two officers also struck MR. MENDOZA while he was on the ground, which per the witnesses, was after MR. MENDOZA was already unconscious.

**26.**     Witnesses advised that there were 1-2 supervising officers on scene, including SGT. CABRERA, yet they did nothing to stop the unnecessary and undue physical violence being used against MR. MENDOZA that caused him to lose consciousness and suffer permanent bodily injury.

**27.**     MR. MENDOZA was also arrested subsequent to his hospital stay and taken to jail.

**28.**     Mr. Mendoza, and all of the witnesses contend that he did not commit any crime at all and was arrested only after he was taken the hospital in order to specifically cover up the clearly excessive force that was used against him.

**29.**     The State Attorney's Office *nolle prossed* the charge against MR. MENDOZA which was Resisting an Officer with Violence.

## GENERAL ALLEGATIONS

**30.**     This is a civil rights action in which Plaintiff seeks relief from the Defendants for violations of his rights, privileges, and immunities as guaranteed by the Civil Rights Act of 1871, 42 U.S.C §1983, the Fourth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the laws of the State of Florida.

**31.**     All constitutional abuses have occurred under the color of authority by HPD officers, but which exceeded the scope of OFFICER MORGADO, OFFICER HOLLAND, and SGT. CABRERA's authority by their actions.

**32.**     The force used by OFFICER HOLLAND and others on MR. MENDOZA was so far beyond

**www.crimlegal.com**

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400

the scope of what is acceptable that they all knew it was a violation of the 4th Amendment of the U.S. Constitution, especially since OFFICER HOLLAND and OFFICER MORGADO knew that MR. MENDOZA had not committed a crime and was not actively resisting him or any officer.

33.    The force used was so far beyond the scope of what is acceptable that SGT. CABRERA and other supervisors who were observing it knew OFFICER HOLLAND, OFFICER MORGADO and others had violated the 4th Amendment of the U.S. Constitution, especially since they knew that MR. MENDOZA had not committed a crime and was not actively resisting any officer.

34.    The arrest of MR. MENDOZA was not due to any criminal act perpetuated by MR. MENDOZA, but rather was an attempt to avoid any civil or criminal actions against the officers for the force used which was excessive and resulted in injuries which required lengthy hospitalization, expensive and invasive medical treatment, and permanent pain and suffering.

### FEDERAL CLAIMS
### COUNT ONE

**42 U.S.C. §1983 – Violations of the Fourth and Fourteenth Amendment**
**Excessive Use of Force**

35.    Plaintiff re-alleges Paragraphs 1 through 34 as if fully set forth herein.

36.    The conduct and actions of Defendant OFFICER HOLLAND and other CITY officers acting under color of law, in authorizing, directing, and/or causing lacerations to the eye and head area of MR. MENDOZA was done when MR. MENDOZA was just verbally expressing his feelings towards the police encounter with OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA in a non-violent manner. MR. MENDOZA was then struck, and grabbed by the arm and forcefully thrown down to the ground as well as punched a second time when he tried to get up from the ground, causing severe head trauma and permanent injuries as well as medical bills in excess of $50,000. These actions were taken by OFFICER HOLLAND and other CITY officers, and contemporaneously ratified by OFFICER MORGADO and SGT CABRERA, who were present and failed to prevent, intervene, or even subsequently

www.crimlegal.com
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ ph 954.843.3509 ▪ f 754.551.5400

report the excessive use of force.

**37.**    The force used by OFFICER HOLLAND upon MR. MENDOZA, was excessive and unreasonable, and was done intentionally, willfully, maliciously, with a deliberate indifference, and/or with a reckless disregard for the natural and probable consequences of his acts, which was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

**38.**    As a direct and proximate result of the foregoing, Plaintiff has suffered physical, mental, and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

**WHEREFORE**, Mr. MENDOZA respectfully requests compensatory damages against OFFICER HOLLAND; OFFICER MORGADO, SGT. CABRERA, CHIEF VELAZQUEZ and the CITY, as well as costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT TWO
### Individual State Law Claim of Mr. Mendoza for Civil Battery

**39.**    Plaintiff, Mr. MENDOZA, realleges paragraphs 1-34 as if fully set forth herein.

**40.**    This is a cause of action, under the common law of the State of Florida, for civil battery. Such claim arises from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

**41.**    The conduct of OFFICER HOLLAND, OFFICER MORGADO, and other CITY officers, on May 22, 2016, in illegally detaining, searching, and arresting Mr. MENDOZA, and employing excessive force to do so, was intentional and intended to cause a harmful or offensive contact with the person of MR.

www.crimlegal.com
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400

MENDOZA which SGT. CABRERA failed to stop or discipline the OFFICER HOLLAND, OFFICER MORGADO and other CITY officers for undertaking such conduct.

**42.**    The conduct of OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA and other HPD officers was committed within the course and scope of their employment with HPD.

**43.**    Defendant, the CITY, is responsible for the battery committed by OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA, and others upon the person of Mr. MENDOZA, in that the civil battery was intentional and was committed within the course and scope of these officers' employment with HPD, such that the doctrine of respondeat superior applies to this action.

**44.**    As a direct and proximate result of the battery alleged above, MR. MENDOZA suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and MR. MENDOZA will suffer such losses in the future.

**WHEREFORE**, MR. MENDOZA respectfully requests compensatory damages against Defendants, OFFICER MORGADO, OFFICER HOLLAND, SGT. CABRERA, CHIEF VELAZQUEZ, and the CITY; costs of this action and a trial by jury on all issues triable as a matter of right.

## COUNT THREE
### Individual State Law Claim of Mr. Mendoza for False Arrest

**45.**    Plaintiff, MR. MENDOZA, realleges paragraphs 1 through 34, as if fully set forth herein.

**46.**    This is an action, under the common law of the State of Florida, for false arrest. Such claim arises from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

**47.**    MR. MENDOZA was unlawfully detained and deprived of his liberty against his will when OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA, and others arrested him without legal authority.

**www.crimlegal.com**
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400

**48.**      The conduct of OFFICER HOLLAND, OFFICER MORGADO, and SGT. CABRERA, and others constituted a false arrest of MR. MENDOZA, as the arrest was made without probable cause or even arguable probable cause.

**49.**      The CITY is responsible for the false arrest of MR. MENDOZA in that the false arrest was intentional and was committed within the course and scope of these officers' employment with HPD, such that the doctrine of *respondeat superior* applies to this action.

**50.**      As a direct and proximate result of the false arrests alleged above, MR. MENDOZA suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages, and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. MENDOZA will suffer such losses in the future.

**WHEREFORE**, Mr. MENDOZA respectfully requests compensatory damages against Defendants, OFFICER MORGADO, OFFICER HOLLAND, SGT. CABRERA and the CITY; costs of this action and a trial by jury on all issues triable as a matter of right.

**WHEREFORE**, Plaintiff requests judgment against Defendant Officers and the CITY, and request that the Court finds and awards as follows:

1)      Award Plaintiff compensatory damages in amounts that are fair, just, and reasonable to be determined at trial and;

2)      Award Plaintiff punitive damages against the individual defendants only;

3)      Award all Plaintiff's attorneys' fees and costs of suit pursuant to 28 U.S.C. §1920 and 42 U.S.C. §1988; and

4)      Award and such other relief as this Court deems just and proper.

www.crimlegal.com

Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400

Respectfully Submitted on this 30th day of OCTOBER 2017, by:

**STEPHAN LOPEZ LAW FIRM, LLC.,**
*Counsel for Plaintiff*
4000 Hollywood Blvd., Suite 555-S Hollywood, FL
333021
Phone: (954) 843-3509
Fax: (754) 551-5400
E-Mail: stephanlaw@outlook.com

By:*/S/ Stephan Lopez*
Florida Bar No. 76959

<u>**CERTIFICATE OF SERVICE**</u>

  **I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed, on this 30th day of October 2017, with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

By*: /s/ Stephan Lopez*

## SERVICE LIST

Alfredo J. Marquez-Sterling
Assistant City Attorney
Florida Bar No.: 444596
Primary Email: AMSterling@hialeahfl.gov
City of Hialeah – Law Department
50 l Palm Avenue, 4th Floor
Hialeah, FL 33010-4719
Telephone: 305-883-5853
Facsimile: 305-883-5896
Counsel for Defendant, City of Hialeah

Devang Desai, Esq.,
Partner/Shareholder,
Gaebe, Mullen, Antonelli & DiMatteo
Florida Bar No.: 664421
**Email:** ddesai@gaebemullen.com
420 S Dixie Hwy Fl 3
Coral Gables, FL 33146-2227
Office: 305-667-0223
Fax: 305-284-9844
Counsel for the Officer Defendants

**www.crimlegal.com**
Stephan Lopez Law Firm, LLC., 4000 Hollywood Blvd, Suite 555-S, Hollywood, FL 33021 ▪ **ph** 954.843.3509 ▪ **f** 754.551.5400