United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Glen Mendoza, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 17-21790-Civ-Scola |
| | ) |
| City of Hialeah, and others, | ) |
| Defendants. | ) |

### **Omnibus Order on Defendants' Motions to Dismiss Fourth Amended Complaint**

Plaintiff Glen Mendoza brings this action against the City of Hialeah (the "City"), Officer Yander Morgado, Officer Esteban Holland, and Sergeant Victor Cabrera for violations of Mendoza's civil rights and the commission of various torts. All of the Defendants have moved to dismiss the Fourth Amended Complaint (ECF Nos. 42, 43). For the reasons set forth below, the Court **grants** the motions to dismiss.

**1. Background**

The Fourth Amended Complaint ("FAC") alleges that on May 22, 2016, Plaintiff Glen Mendoza was a passenger in a car that was alleged to have been involved in a crash with a police vehicle. (FAC ¶ 12, ECF No. 41.) The driver of the car fled the scene of the crash. (*Id.*) Defendant Morgado and other police officers subsequently stopped the car and arrested the driver. (*Id.* ¶ 13.) The officers also ordered Mendoza to get out of the vehicle. (*Id.* ¶ 14.) Mendoza initially stated that he did not want to exit the vehicle and asked why he was being ordered to do so, although he did eventually comply with the officers' order. (*Id.*)

Mendoza was informed that the car had been stopped because it hit a police vehicle, and he began to check the car for damage. (*Id.* ¶ 15.) Mendoza told the officers that he wasn't aware of a crash and asked again why the officers were ordering him around. (*Id.* ¶ 16.) Mendoza remembers being struck once and "then awoke in the hospital with a broken jaw which required the implanting of a metal plate to repair, a head wound, and damage to his brain." (*Id.* ¶ 17.) Mendoza was arrested after his stay in the hospital for violently resisting an officer, but the "State Attorney's Office *nolle prossed* the charges." (*Id.* ¶¶ 27, 29.)

Witnesses allegedly told Mendoza that he verbally argued with the officers and that two or three of the offices repeatedly struck him in the head,

causing Mendoza to fall and hit his head on the ground. (*Id.* ¶ 20.) However, the witnesses stated that Mendoza had not violently resisted any of the officers. (*Id.* ¶ 18.) The witnesses stated that the officers struck Mendoza even after he was unconscious. (*Id.* ¶¶ 19, 24-25.) According to the witnesses, at least two officers, including Defendant Holland, were involved in the violence against Mendoza. (*Id.* ¶¶ 21, 23.) The witnesses stated that one or two supervising officers, including Defendant Cabrera, were also on the scene, but did not intervene to stop the attack on Mendoza. (*Id.* ¶ 26.) After Mendoza's arrest, "Officer Holland gave sworn testimony that he struck Mr. Mendoza but claims he was using only the force reasonably necessary to thwart Mr. Mendoza's violent resistance." (*Id.* ¶ 22.)

The Court previously dismissed without prejudice the claims asserted against the City in the Third Amended Complaint, which included a claim for violation of Mendoza's Fourth Amendment rights under 42 U.S.C. § 1983 and a state law claim of negligent training. (Order, ECF No. 40.) The Court also dismissed without prejudice Mendoza's § 1983 claim against the individual Defendants for excessive use of force and his claim against the individual Defendants for false arrest. (*Id.*) Finally, the Court dismissed without prejudice Mendoza's claim for battery against all of the individual Defendants except Holland.

The FAC asserts a § 1983 claim for excessive use of force, as well as state law claims for battery and false arrest. Although Mendoza omitted the claims previously asserted against the City for failure to train under both § 1983 and state law, each of the three counts in the FAC is asserted against the City as well as the individual Defendants.

## 2. Legal Standard

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (quotations and citations omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). For purposes of Rule 12(b)(6), a court generally may not look beyond the pleadings, which includes any information attached to a complaint. *U.S. ex. Rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) (internal citations omitted).

3. **Analysis**

   **A. § 1983 Claim for Use of Excessive Force**

   Count One of the Complaint asserts a 42 U.S.C. § 1983 claim against the individual Defendants for the violation of Mendoza's right to be free from the use of excessive force under the Fourth and Fourteenth Amendments. Any person who deprives another "of any rights, privileges, or immunities secured by the Constitution and laws," while acting under color of state law, is liable to the person whose rights were violated. 42 U.S.C. § 1983. This law "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Okla. City v. Tuttle*, 471 U.S. 808, 816 (1985). The Plaintiff has asserted Count One against the City and the individual Defendants. The Court will first address the allegations against the City, and will then address the allegations against the individual Defendants.

   *1. The City*

   As the Court explained in its Order on the Defendants' Motions to Dismiss the Third Amended Complaint, municipalities and other local government entities are subject to liability under § 1983 and may be sued directly for relief where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Court devoted three paragraphs of its previous order to explaining the circumstances under which a municipality may be held liable under § 1983. (Order 7-8, ECF No. 40.) The Court then devoted two paragraphs to explaining that the Plaintiff's general conclusions about the City's failure to train its officers were insufficient to state a claim because they were unsupported by specific factual allegations. (*Id.* 8-9.)

The Plaintiff either did not read the Court's order or chose to ignore it. The Plaintiff removed every single one of the allegations concerning the City's failure to train its police officers from the FAC, and removed the § 1983 and state law claims for failure to train that were previously asserted against the City. Yet the Plaintiff has now inexplicably chosen to assert the § 1983 claim for use of excessive force against the City. In response to the City's motion to dismiss, the Plaintiff bafflingly argues that the FAC adequately alleges that the individual Defendants "were not properly trained or supervised by Defendant City on matters of use of force, such that this failure to train when there was an obvious need for such training, amounted to deliberate indifference and the injuries sustained by Plaintiff Mr. Mendoza." (Resp. 3, ECF No. 48.) There are no such allegations in the FAC.

Since this is the Plaintiff's fourth attempt to assert a § 1983 claim against the City and there are no allegations concerning the City's conduct in the FAC, the Court dismisses Count One with prejudice as to the City. *See Eiber Radiology, Inc. v. Toshiba America Medical Sys.'s, Inc.*, 673 Fed. Appx. 925, 929-30 (11th Cir. 2016) ("We have never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor have we concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so.").

### 2. The Officers

As in their motion to dismiss the Third Amended Complaint, the individual Defendants again argue that they are entitled to qualified immunity. As the Court noted in its order on the previous motions to dismiss, "[q]ualified immunity offers complete protection for government officials sued in their individual capacities if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kingsland v. City of Miami*, 382 F.3d 1220, 1231 (11th Cir. 2004) (quotation marks omitted). The Supreme Court has "'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" *Pace v. Capobianco*, 283 F.3d 1275, 1284 (11th Cir. 2002) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). To claim qualified immunity, a public official must first establish that he was engaged in a "discretionary duty." *Mercado v. City of Orlando*, 407 F.3d 1152, 1156 (11th Cir. 2005). Once again, there does not appear to be any dispute that the individual Defendants were engaged in a discretionary duty.

As the Court noted in its previous order, once it is established that a public official was acting in a discretionary capacity, the burden shifts to the

plaintiff to establish "both that the defendant committed a constitutional violation and that the law governing the circumstances was already clearly established at the time of the violation." *Youmans v. Gagnon*, 626 F.3d 557, 526 (11th Cir. 2010). At the motion to dismiss stage, "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (internal quotations and citations omitted). District courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

The Court previously dismissed the § 1983 claim asserted against the individual Defendants because the Plaintiff failed to carry his burden of establishing that the law governing the circumstances was clearly established at the time of the violation. (Order 4, ECF No. 40.) The Court devoted over two pages of its previous order to explaining the applicable standards for determining whether the use of force is excessive under the Fourth Amendment. (*Id.* 4-6.) The Court noted that all of the cases cited by the Plaintiff in opposition to the Defendants' motion to dismiss concerned the use of force after a suspect had been subdued. (*Id.* 5.) The Court explained that the Eleventh Circuit applies a different analysis to cases in which force is used against unhandcuffed individuals than it does to cases in which force is used against individuals who are handcuffed, and concluded that the Plaintiff had "not provided the Court with any case law involving unhandcuffed individuals in a 'controlling and materially similar case.'" (*Id.* (quoting *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 926 (11th Cir. 2000).) In addition, the Court explained that there was "simply not enough information in the Complaint for the Court to conclude that the force used was so excessive that the officers had to know that they were violating the Constitution even without case law on point." (*Id.*) The Court noted that it was unclear what prompted Mendoza to argue with the officers, whether the officers suspected him of any crime, and what, if anything, prompted the officers to use force against him.

Despite the Court's conclusion that the case law previously cited by the Plaintiff was not analogous to the factual scenario presented here, the Plaintiff's response to the individual Defendants' motion to dismiss cites to the exact same case law. (*Compare* Resp. 3-4, ECF No. 34 *with* Resp. 5-6, ECF No. 55.) There is not a single new case cited in the response, and the response essentially paraphrases the Plaintiff's response to the previous motion to dismiss. Although the FAC now alleges that witnesses have stated that the Plaintiff was not moving at all after the first one or two punches, and that at

least two officers struck the Plaintiff after he was unconscious, the FAC does not allege that any of the Defendants were among the individuals who used force against the Plaintiff while he was unconscious. Thus, the allegations directed to Defendants Morgado, Cabrera and Holland are not materially different than they were in the Third Amended Complaint. Accordingly, the Court must again conclude that the Plaintiff has failed to carry his burden of establishing that that the law governing the circumstances was clearly established at the time of the violation, and has failed to establish that any force used by the Defendants was so excessive that they had to know that they were violating the Constitution even without case law on point.

The FAC also alleges, as in the Third Amended Commmplaint, that Defendants Morgado and Cabrera "were present and failed to prevent, intervene, or even subsequently report the excessive use of force." (*Id.* ¶ 36.) An officer can be liable under § 1983 if he "witnessed the use of excessive force and had the ability to intervene," but failed to do so. *Priester*, 208 F.3d at 927 (citations omitted). However, the Court notes that the Plaintiff has not alleged that Morgado or Cabrera had the ability to intervene. The most that the FAC alleges is that Morgado and Cabrera were present at the scene. (FAC ¶¶ 26, 36.) Even assuming that the force used against the Plaintiff was excessive, the mere fact that Morgado and Cabrera were present is insufficient to establish that they had the time and opportunity to intervene. *See, e.g.*, *Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998) (holding that officer who was present at scene during alleged use of excessive force was entitled to qualified immunity because there was no evidence showing that the officer observed the alleged abuse or had the opportunity to intervene to stop the abuse); *Ramirez v. Judd*, No. 8:12-cv-02819-T-27EAJ, 2013 WL 1881308, at *4 (M.D. Fla. May 6, 2013) (holding that plaintiff failed to state a § 1983 claim against officer because the complaint did not allege that the officer had the opportunity to intervene in order to prevent the excessive use of force, and contained no allegations concerning the time span of the incident or any other allegations from which an opportunity to intervene could be inferred) *cf. Priester*, 208 F.3d at 927 (affirming conviction of officer for failure to intervene where the officer "observed the entire attack and had the time and ability to intervene," and "excessive force . . . was such that every reasonable officer would have known that it was clearly in violation" of the plaintiff's constitutional rights).

Finally, the Plaintiff argues that even de minimis force violates the Fourth Amendment if the officer is not entitled to arrest or detain the suspect. However, the Eleventh Circuit has held that an excessive force claim based on an allegation that officers lacked the right to make an arrest "is not a discrete constitutional violation; it is dependent upon and inseparable from [a

plaintiff's] unlawful arrest claim." *Bashir v. Rockdale Cty., Ga.*, 445 F.3d 1323, 1332 (11th Cir. 2006) (citing *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000)). In other words,

> In this circuit, there is a fork in the road based on the lawfulness of a seizure. If the seizure itself violates the Fourth Amendment, then the recoverable damages include damages suffered because of the use of force in effecting it and any excessive-force claim is subsumed in the unlawful-arrest claim. This is so because if a stop or arrest is illegal, then there is no basis for any threat or any use of force, and an excessive force claim would always arise but only collaterally from the illegal stop or arrest claim. But excessive force used during a *legal* stop gives rise to a discrete excessive-force claim.

*Williams v. Deal*, 659 F. App'x 580, 595–96 (11th Cir. 2016) (internal quotations and citations omitted).

Mendoza has not asserted an independent § 1983 claim for unlawful arrest. Indeed, in Mendoza's response to the individual Defendants' motion to dismiss, he characterizes Count One as "seeking damages under the Fourth Amendment based on a use of force which was excessive and unreasonable." (Resp. 3, ECF No. 55.) Therefore, Mendoza cannot base his excessive force claim on an argument that his arrest was unlawful. Moreover, even assuming that Mendoza's claim for use of excessive force could be interpreted to include an independent § 1983 claim for unlawful arrest, such a claim would fail.

Although Mendoza makes no substantive arguments concerning the unlawfulness of his seizure in the section of his response devoted to his § 1983 claim, the Court notes that in the section of his response devoted to his state law false arrest claim, Mendoza asserts that "falsifying facts to establish probable cause is patently unconstitutional." (Resp. 6.) The FAC alleges that Mendoza was arrested after he was taken to the hospital "in order to specifically cover up the clearly excessive force that was used against him." (FAC ¶ 28.) However, the FAC does not identify any facts that were falsified to establish probable cause to seize Mendoza, and the cases cited by the Plaintiff are not analogous to this case. Although the Plaintiff was arrested after he was taken to the hospital, the force used by the officers occurred during their stop of a vehicle in which Mendoza was a passenger. Mendoza has not asserted that the officers lacked probable cause to stop the vehicle. In situations in which probable cause for a stop exists only with respect to the driver of a vehicle, the Eleventh Circuit has analyzed seizures of passengers under the standards applicable to warrantless investigatory stops under *Terry v. Ohio* rather than custodial arrests. *Courson v. McMillian,* 939 F.2d 1479, 1489 (citations omitted)

(noting that directing occupants to exit a vehicle does not convert an investigative stop into an arrest). The Plaintiff cites to no analogous case law concerning investigatory stops, nor has he addressed the allegations that he initially refused to comply with the officers' orders and that he engaged in a verbal argument with the officers.

Accordingly, the Court finds that Defendants Holland, Morgado, and Cabrera are entitled to qualified immunity. Because this is the Plaintiff's fourth attempt at amending the complaint and the allegations against the individual Defendants are not materially different than those in the Third Amended Complaint, the Court dismisses Count One with prejudice as to Defendants Holland, Morgado, and Cabrera. *See Eiber Radiology, Inc.*, 673 Fed. Appx. at 929-30.

### B. State Law Claims

Counts Two and Three of the FAC assert claims of battery and false arrest against all Defendants. Mendoza brought this lawsuit under the Court's federal-question jurisdiction (FAC ¶ 1), and the Court has dismissed the federal claim with prejudice as to all Defendants. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the state law claims. The Court concludes that it would be futile to allow the Plaintiff to amend his complaint to bring this claim under diversity jurisdiction because there is not complete diversity among the parties. (FAC ¶¶ 6-11.) Accordingly, the Court dismisses Counts Two and Three of the FAC.

### 4. Conclusion

Accordingly, the Court **grants** the Defendants' motions to dismiss (**ECF No. 31, 33**) to the extent that the federal claim asserted in Count One is **dismissed with prejudice**. Counts Two and Three are **dismissed without prejudice** for lack of subject-matter jurisdiction.

**Done and ordered**, at Miami, Florida, on December 20, 2017.

_____
Robert N. Scola, Jr.
United States District Judge